UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONNA MARIE REIMER-BECKER
as the personal representative of
THE ESTATE OF ALMA REIMER,

          Plaintiff,

v.                                 Case No. 12-C-745

GUARANTY FINANCIAL CORP.,
GUARANTY FINANCIAL SERVICES, LTD.,
GUARANTY FINANCIAL, MCH,
ABC CORPORATIONS, I THROUGH X,
BLACK AND WHITE PARTNERSHIPS, I THROUGH X,
and JOHN DOE AND JANE DOE, I THROUGH X.

          Defendants.

---

## DECISION AND ORDER

---

       This civil action filed by pro se Plaintiff Donna Marie Reimer-Becker ("Reimer-Becker"), as the personal representative of the Estate of Alma Reimer (the Estate"), invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.[1] Under § 1332(a)(1), federal district courts have original jurisdiction to hear civil actions between citzens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. As will be further explained, the Court's review of the Complaint raises questions regarding the citizenship of Reimer-Becker and the two out of three of the identified Defendants, Guaranty Financial Corp. ("Guaranty Corp."); Guaranty Financial Services, Ltd., also known as Guaranty Bank

---

[1] All further citations to provisions of Title 28 will simply take the form "§ ___."

("Guaranty Bank"); and Guaranty Financial, MCH ("Guaranty MCH"). In order to support jurisdiction under § 1332, Reimer-Becker must establish that her citizenship – actually that of her mother, Alma Josephine Reimer ("Reimer") because she is suing as the personal representative of the Estate, *see* 1332(c)(2) – is completely diverse from that of the Defendants.

Section 1332's requirement that actions be between citizens of different states generally requires complete diversity of citizenship between all plaintiffs and all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As the party invoking federal jurisdiction, Reimer-Becker bears the burden of demonstrating that the jurisdictional requirements have been met. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1195 (2010).

Pro se plaintiffs' complaints are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see Philos Techs., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 858 (7th Cir. 2011). Regardless, the Court is obligated to raise the issue of whether it has subject matter jurisdiction over this case. *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Steel Co. v. Citizens for*

*Better Env't*, 523 U.S. 83, 94 (1998). This inquiry is critical, as a party cannot waive subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). At the same time, the rule in this Circuit is that the Court's "discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly." *Muscarello*, 610 F.3d at 425.

The Complaint alleges that Reimer-Becker is domiciled in Arizona. (Compl. ¶ 1.) It also alleges that at all times relevant, Reimer was a "resident of Arizona" (*id.* at ¶ 17) and the Defendants were "notified at the branch that [Reimer] was to be domiciled in Arizona and requisitioned checks bearing an Arizona address." (*Id.* at ¶ 14.) The Complaint also indicates that, in early 2008, 89-year-old Reimer was diagnosed with colon cancer and confined in a rehabilitation center due to surgery. (*Id.* at ¶ 21.) Darlene Reimer (Darlene),[2] another daughter, "moved [Reimer] from her home in Wisconsin" to Darlene's residence in Scottsdale, Arizona. (*Id.* at ¶ 24.) Reimer died in Arizona on December 24, 2008. (*Id.* at ¶ 40; Ex. 2.) She is buried in Wisconsin. (Compl., Ex. 2.)

Regarding the Defendants, the Complaint alleges that Guaranty Corp. is a Delaware corporation doing business in Wisconsin, Minnesota, Michigan, and Georgia; Guaranty Bank is a Wisconsin corporation with its principal place of business in Wisconsin; and Guaranty MCH is a mutual holding company for Guaranty Bank. (*Id.* at ¶¶ 3-4, 6 & 8.)

Although the Complaint alleges that Reimer-Becker is a citizen of Arizona, she is suing as the personal representative of Reimer's estate. Section 1332(c)(2) states "the legal

---

[2]Because Darlene Reimer has the same surname as her mother, the Court departs its usual practice of referring to individuals by their surname and refers to the former by her given name. No disrespect is intended.

representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See Gustafson v. zumBrunnen*, 546 F.3d 398, 399 (7th Cir. 2008). Therefore, Reimer-Becker is deemed to share Reimer's citizenship. *See id.* An individual is a citizen of the state in which she is domiciled, meaning where she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The Complaint does not clearly allege whether Reimer was a citizen of Arizona or Wisconsin. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Complaint must be amended to clarify Reimer's citizenship; i.e., which state was her domicile. *See Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009).

With regard to Guaranty Corp., there are two facets of corporate citizenship under § 1332(c)(1): (1) the state of incorporation; and (2) the state in which the corporation has its principal place of business. *N. Trust Co. v. Bunge Corp.,* 899 F.2d 591, 594 (7th Cir. 1990); 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center." *Hertz*, 130 S.Ct. at 1192.

Although the Complaint alleges Guaranty Corp. is a Delaware corporation, such allegation is insufficient to establish its citizenship for purposes of § 1332(a); that is, Guaranty's Corp.'s principal place of business must also be alleged. *See id.* In addition, the Complaint does not include any information with respect to Guaranty MCH's citizenship. The

4

Complaint does not identify the business form of the holding company. Specifically, the Complaint does not allege whether Guaranty MCH is a corporation, limited liability company, partnership, limited partnership, trust, or some other business entity.

Reimer-Becker will need to amend the Complaint to provide additional information to establish Guaranty MCH's citizenship. *See Muscarello*, 610 F.3d at 425. *See also,* Civil Local Rule 8 (E.D. Wis.) Indeed, if Guaranty MCH is a limited liability company, its "citizenship . . . for purposes of diversity jurisdiction is the citizenship of [all] its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)[3] Similarly, if Guaranty MCH is a business trust, its citizenship is the citizenship of all the trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980); *Hemenway v. Peabody Coal*, 159 F.3d 255, 257 (7th Cir. 1998).

The Court will allow Reimer-Becker to amend the Complaint to expand its factual allegations regarding the citizenship of Reimer, Guaranty Corp., and Guaranty MCH. Reimer-Becker may file an amended Complaint that expands her jurisdictional allegations and includes all the allegations she intends to pursue in this action on or before August 31, 2012. *See* Civil Local Rule 15(a). Failure to file an amended Complaint by the stated deadline will result in the dismissal of this action for lack of subject matter jurisdiction.

---

[3] To the extent a member or trustee is a partnership, Reimer-Becker must identify and allege the citizenship of every partner, limited or general. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (stating that the citizenship of a limited partnership is the citizenship of all partners, not just the general partners); *Cosgrove*, 150 F.3d at 731; *N. Trust Co.*, 899 F.2d at 594. Furthermore, the citizenship of a non-corporate entity must be "traced through however many layers of partners and members [and trustees] there may be." *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

**On or before August 31, 2012**, Reimer-Becker **MAY FILE** an amended Complaint.

Failure to file an amended Complaint by the stated deadline will result in dismissal of this action for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 31st day of July, 2012.

BY THE COURT

_____
Hon. Rudolph T. Randa
U.S. District Judge